MALINDA J. MARSH, appellant,

and

GEORGE W. MARSH, appellee.

In a suit for divorce for adultery, neither husband nor wife is a competent witness to disprove the charge.

On appeal from a final decree of the vice-chancellor, granting a divorce *a vinculo*. His opinion is reported in *Marsh* v. *Marsh*, 1 *Stew.* 196.

*Mr. Linn*, for appellant.

*Mr. Ransom*, for respondent.

THE CHIEF JUSTICE.

This was a bill for a divorce on the ground of the adultery of the wife. On the hearing before the vice-chancellor the wife was offered as a witness in her own behalf to disprove the offence with which she was charged, but, being deemed incompetent, in view of the statute relating to evidence, she was not admitted.

It is now insisted that this action of the court was erroneous. But I do not think so. By the recent revision the

acts concerning evidence have been not only consolidated, but, in important respects, modified, so that we must look to the statute as it now appears in this altered form for the law of this subject as it at present prevails in the state. It does not seem to me that, after such a transition and muta-tion, we gain any useful insight into the meaning of the existing act by tracing its several provisions through the successive stages of their existence. Such an endeavor might have been profitable if this law had not undergone change, when in the hands of the revisors, in the very par-ticular to which the present inquiry relates.

Looking, then, to this revised act as the interpreter of the legislative purpose, it seems plain that neither husband nor wife can be a witness for or against each other in a proceed-ing for divorce on account of adultery. This incapacity obtains by force of the fifth section of the law, and which is the only one that qualifies husband or wife as a witness. The third section does not have that effect, for it removes only the disqualification arising from an interest in the con-troversy " as a party or otherwise," and leaves unannulled the incompetency inherent, on grounds of public policy, in the matrimonial relationship. This clause, as it origi-nally was framed, had, it is true, a different effect from this, and, by construction, was held to have taken away the inca-pacity of married persons to testify in their own behalf in suits for divorce; but this exposition was justifiable alone by force of an intention to that effect appearing in the proviso annexed to the section; and besides this proviso has been repealed, and the whole subject, with respect to testimony as affected by the relation of marriage, regulated in the fifth section. It is, therefore, to this latter section that we must look, at the present time, for our entire materials of exposition, with the exception that the second clause of this act provides that a married person cannot be called as a wit-ness by his adversary in a divorce suit. Standing thus apart, the language of this fifth clause does not appear to me to be subject to any uncertainty. In clear terms it

qualifies fully the husband and wife as witnesses in all civil proceedings, with the exception just noted, and with those other exceptions defined in its own proviso, one of which is, that neither husband nor wife shall be competent or compellable to give evidence for or against the other "in any action or proceeding for divorce on account of adultery, except to prove the fact of marriage."

It is suggested in the brief of counsel that the object of this section was to disenable one of the married persons from testifying for or against the other, but that it was not intended to prevent one of them from testifying in his own favor; but the objection to this construction is, that it is a requirement doing violence to the natural sense of the terms used. It would be a very forced interpretation to say that when a person, as a witness, overthrows the case set up by his adversary, he does not testify against him. Assuredly, a person may be a witness against another without inculpating such other. Besides, the exception expressed in this proviso as to the incapacity of this class of persons as witnesses, entirely confutes the proposed explanation. When it is said that a married person shall not be competent in a suit of divorce for adultery, " except to prove the fact of marriage," it would certainly seem clear that such person cannot be a witness with respect to so important a matter in the case as innocence of the offence charged.

I think the offer of the defendant as a witness in her own behalf was rightly overruled.

I also think that the vice-chancellor has properly estimated the evidence, and reached a just result.

I shall vote to affirm the decree.

Decree unanimously affirmed.